Carol Sue HART, Plaintiff–Appellant,

v.

BON SECOURS BALTIMORE HEALTH SYSTEM; Bon Secours Baltimore Health Corporation; Bon Secours Hospital, Incorporated, Defendants–Appellees,

and

Luann Brady, Defendant.

No. 10–2024.

United States Court of Appeals, Fourth Circuit.

Argued: Oct. 26, 2011.

Decided: Nov. 29, 2011.

Ilona McClintick, Law Office of Ilona McClintick, Baltimore, Maryland, for Appellant. Sidney R. Steinberg, Post & Schell, PC, Philadelphia, Pennsylvania, for Appellees.

Before TRAXLER, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carol Sue Hart appeals the summary judgment entered in favor of Bon Secours Baltimore Health System, *et al.* ("Bon Secours") on her employment discrimination claims. We affirm.

## I

We view the facts in the light most favorable to and draw all reasonable inferences in favor of Hart, the nonmoving party. *White v. BFI Waste Services, LLC,* 375 F.3d 288, 294 (4th Cir.2004). Hart was the Director of Ancillary Services at Bon Secours from April 2001 through August 2007. On August 17, 2007, Hart's supervisor, Luann Brady, informed Hart that she had decided, as part of a broader restructuring at Bon Secours, to reduce the number of departments under Hart's supervision and change Hart's position to Director of Imaging. Despite initially reacting negatively to these changes, Hart accepted her new position on August 20.

Shortly after this August 17 meeting, Hart began suffering from stress and headaches. On August 21, Hart's doctor diagnosed her with high blood pressure and acute stress disorder. Thereafter, Hart provided a doctor's note to Bon Secours and was approved for medical leave beginning August 22. Hart was cleared to return to work on September 5. However, Brady, who was out of town for a family emergency, did not want Hart to return to work until they had an opportunity to discuss her new role, so Brady placed Hart on administrative leave until September 12.

While Hart was on administrative leave, Brady informed the upper management at Bon Secours that she had decided to terminate Hart because of issues regarding Hart's job performance, management style, and perceived lack of leadership. However, Bon Secours' Vice President of Human Resources, Sherine High, expressed concern about terminating Hart at that time and recommended that Hart be given a chance to address the issues raised by Brady and adjust to her new position. Brady accepted High's recommendation and drafted "talking points" to address

with Hart upon her scheduled return on September 12.

During this period, multiple issues arose concerning the certification of the hospital's Pulmonary Blood Gas Laboratory. The lab required certification from the College of American Pathologies ("CAP") and a license issued by the state of Maryland under the Clinical Laboratory Improvement Amendments ("CLIA"). A senior manager and auditor at Bon Secours discovered that the CAP certification had expired because the CAP invoice had not been paid on time. In the process of obtaining a current CAP certification, they further discovered that an invoice for the CLIA license had also not been paid. On September 12, the hospital began an investigation into how the CLIA license lapse had occurred. That same day, Hart returned to work, but was immediately suspended pending the results of the investigation into the CLIA license.

In a report issued on September 21, the Corporate Responsibility Officer concluded that Hart bore the responsibility for the lapse because maintaining lab certification and accreditation were the responsibilities of the Director of Ancillary Services. On October 1, 2007, Brady sent a letter to Hart stating that she was being terminated "based on the results of [the] investigation into the Pulmonary Blood Gas Lab's de-certification and [her] role in failing to maintain certification through ensuring timely payment of required fees." J.A. 421. Hart was 55 years old at the time of her termination.

After Hart's termination, Bon Secours contracted with Ivy Ventures, a consulting firm in Richmond, Virginia, to provide managerial support for the imaging department. Ivy Ventures assigned its 41-year-old employee, Chris Shepperson, to handle temporarily the responsibilities of the Director of Imaging. Bon Secours

then began interviewing to hire a replacement for Hart. On December 3, Brady informed Bon Secours employees that she had decided not to hire any of the candidates and announced that Shepperson would assume responsibility as interim Director of Imaging until a permanent hire could be made. On April 4, 2008, Bon Secours hired Theodore Williams, age 61, as its Director of Imaging. On May 1, 2008, Bon Secours made a "Revised Offer of Employment" to Williams, which he accepted to become the Senior Director, Clinical Diagnostic Services, a position which included responsibility for the imaging department.

Hart filed a charge of age discrimination with the Baltimore Community Relations Commission, which subsequently issued a notice of right to sue. Hart then filed this action in federal court, alleging age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"); retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); and defamation.

Bon Secours moved for summary judgment pursuant to Fed.R.Civ.P. 56, arguing *inter alia* that Hart failed to establish a prima facie case under the ADEA or the FMLA, that the evidence established Bon Secours terminated Hart for non-discriminatory reasons, and that Hart failed to establish a prima facie case for defamation under Maryland law. Hart also moved for partial summary judgment.

In ruling on the motions, the district court correctly noted that to establish a prima facie claim under the ADEA, Hart must demonstrate that (1) she was a member of the protected class; (2) she was qualified for the job and met Bon Secours' legitimate expectations; (3) she was discharged despite her qualifications and performance; and (4) following her discharge, she was replaced by a substantially youn-

ger individual with similar qualifications. J.A. 892 (citing *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir.2006)). The district court then held:

> [Hart] has not satisfied the fourth element because her claims that she was both replaced by and treated less favorably than someone substantially younger are not supported by evidence sufficient to survive summary judgment. [Hart] first asserts that her replacement was forty-one-year-old Chris Shepperson, the interim Director of Imaging, and not sixty-one-year-old Theodore Williams. This argument is without merit. Shepperson was an employee of Ivy Ventures, a consulting firm, and not an employee of Bon Secours itself. In addition, he served only for the period during which Bon Secours conducted a search for a replacement for [Hart]. Similarly, [Hart's] argument that Williams did not replace her because he was hired into a different position must also fail. Whether or not his job title or responsibilities were precisely the same, no reasonable jury could find that he did not assume the responsibilities previously assigned to [Hart], and thus replaced her. [Hart] even acknowledges that Williams's job responsibilities were identical to those of her previous position as Director of Ancillary Services.

J.A. 892–93. The district court also found that even if Hart had made out a prima facie case, Bon Secours provided a legitimate, non-discriminatory reason for dismissing Hart—namely, the problems with Hart's job performance and the lapse in licensing of the lab—and that Hart failed to present evidence sufficient for a reasonable jury to find that Bon Secours' reason was false or pretext for discriminating against her on the basis of her age. J.A. 895 (citing *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir.2004)). Moreover, the district court

found that even though Hart disputed that she was responsible for the lab decertification, she failed to produce evidence showing that Bon Secours did not believe she was responsible or that they did not fire her because of this belief. J.A. 895–96.

Further, the district court properly noted that to establish a prima facie case for retaliation under the FMLA, Hart must demonstrate that (1) she engaged in protected activity; (2) Bon Secours took adverse action against her, and (3) the adverse action was causally connected to her protected activity. J.A. 896 (citing *Cline v. Wal–Mart Stores, Inc.,* 144 F.3d 294, 301 (4th Cir.1998)). The district court then found that although Hart established a prima facie case, Hart failed to show that Bon Secours' explanation for firing her was pretext. The job performance and lab licensing issues arose months before Hart took FMLA leave and were unrelated to such leave, and the district court found that, as discussed with regard to the ADEA claim, Hart failed as a matter of law to meet her burden of proving that these non-discriminatory reasons were a pretext. J.A. 897 (citing *Nichols v. Ashland Hosp. Corp.,* 251 F.3d 496, 502 (4th Cir.2001)).

For these reasons, the district court granted Bon Secours' summary judgment motion.*

## II

Hart now appeals the district court's order. In challenging the order, Hart argues the evidence shows that she proved the fourth element of her prima facie case under the ADEA and that there is sufficient evidence to support a finding that Bon Secours' justification for firing Hart was a pretext for age discrimination and retaliation.

"We review the district court's order granting summary judgment de novo." *White,* 375 F.3d at 294. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Having reviewed and considered, de novo, the record, briefs, and applicable law, and having had the benefit of oral argument, we are persuaded the district court appropriately addressed the issues of both the prima facie cases and pretext and correctly granted summary judgment in favor of Bon Secours on the ADEA and FMLA claims. Accordingly, we affirm the summary judgment on those claims based substantially on the reasoning of the district court. *See Hart v. Bon Secours Baltimore Health System, et al.,* No. 1:08–cv–02516–JFM, 2010 WL 3245427 (D.Md. Aug. 17, 2010).

*AFFIRMED.*

---

* Hart does not appeal the district court's grant of summary judgment in favor of Bon Secours on the two defamation claims.